**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**JOSE FRANCISCO JAVIER ARRIOLA-CABALLERO**; and **MA GUADALUPE MENDOZA-RUIZ**,

Plaintiffs,

v.

**VERMEER MANUFACTURING COMPANY**; and **RDO EQUIPMENT COMPANY**,

Defendants.

Case No. 3:24-cv-02008-IM

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT**

**IMMERGUT, District Judge.**

Jose Francisco Javier Arriola-Caballero, a career arborist, alleges that he was injured while operating a Mini Skid Steer manufactured by Vermeer Manufacturing Company ("Vermeer") and serviced and sold by RDO Equipment Co. ("RDO"). The Mini Skid Steer was owned by his employer, Inexpensive Tree Care ("ITC"). In his operative First Amended Complaint ("Amended Complaint"), Arriola-Caballero brought strict products liability and negligence claims against Vermeer and RDO. Amended Complaint, ECF 2-1 at 1–14. He alleges that because the Mini Skid Steer was defective, its Log Grapple detached, striking and injuring him. *Id.* at 4. Ma Guadalupe Mendoza-Ruiz, Arriola-Caballero's wife, also brought a loss of consortium claim based on the injuries to Arriola-Caballero. *Id.* at 27–28.[1]

Before this Court are Defendants' motions for summary judgment, ECF 106 and ECF 107. For the reasons described below, this Court GRANTS IN PART AND DENIES IN PART Defendants' motions for summary judgment.

## LEGAL STANDARDS

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted where based on the admissible evidence, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When the nonmoving party would bear the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun v. Thrifty Payless*, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (cleaned up). In such a case, the moving party need only

[1] Plaintiffs also brought five counts against Peter L. Richards and Bette J. M. Richards ("Richards"), the owners of the premises where the alleged accident occurred. Amended Complaint, ECF 2-1 at 15–27. This Court dismissed the claims against the Richards for failure to state a claim upon which relief can be granted. ECF 23. The Ninth Circuit affirmed the dismissal of the claims against the Richards. ECF 104.

show the absence of evidence to show a necessary element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the burden shifts to the nonmoving party to provide some admissible evidence that there is a genuine issue of material fact that needs to be resolved at trial. *Id.* at 324.

Once the burden shifts, the nonmoving party's burden is not trivial. They cannot rely on the "mere existence of a scintilla of evidence in support of the plaintiff's position" to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If a reasonable jury could not return a verdict in favor of the non-moving party, the moving party is entitled to summary judgment. *Id.*

## DISCUSSION

### A. There is a genuine dispute as to whether the expansion pins were removed before the accident.

Defendants move for summary judgment on Arriola-Caballero's products liability claims, arguing that Arriola-Caballero's employer, ITC, removed the expansion pins before the accident. Vermeer Motion for Summary Judgment ("Vermeer Mot."), ECF 106 at 11; RDO Motion for Summary Judgment ("RDO Mot."), ECF 107 at 5 n.1 (incorporating Vermeer's motion for summary judgment as to the strict liability claims).[2] Plaintiffs, they contend, cannot establish that the Mini Skid Steer was in the same condition at the time of the accident as it was at the time of purchase. Vermeer Mot., ECF 106 at 11. The absence of the expansion pins is allegedly material both because it is a "substantial change" from the Mini Skid Steer's original condition and

[2] RDO's Motion argues that Plaintiffs have "improperly lump[ed]" together RDO and Vermeer in violation of Federal Rule of Civil Procedure 8(a)(2). RDO Motion, ECF 107 at 14. Based on the RDO's motion, this point does not appear to be an independent basis for summary judgment, but rather is merely framing for RDO's underlying summary judgment arguments. Accordingly, this Court only finds this argument to be persuasive to the extent that RDO's ultimate summary judgment arguments are persuasive.

because it shows that the Mini Skid Steer was not defective when it left the seller's hands. *Id.* at 10–11.

Plaintiffs offer an alternative explanation for the missing pins. While they acknowledge that the mounting pins appear absent in photographs taken after the accident, they contend that a reasonable jury could conclude that the pins were sheared off or broken during the accident. Plaintiffs' Response to Vermeer's Motion for Summary Judgment ("Response to Vermeer Mot."), ECF 87 at 9–10. This Court finds that there is a genuine dispute as to which explanation is correct.

ORS 30.920 "applies strict liability to one who sells  a product" if they are a "seller engaged in the business of selling such a product." *Brown v. GlaxoSmithKline, LLC*, 323 Or. App. 214, 223 (2022) (citation modified). A strict-liability design-defect case has four elements under Oregon law: "(1) the sale or leasing of a product by one engaged in the business of selling or leasing such products; (2) a product that was expected to, and did, reach the user or consumer without substantial change in condition; (3) a product that, when sold, was in a defective condition unreasonably dangerous to the user or consumer; (4) injury to the user or consumer, or damage to his or her property; (5) that was caused by the product's defective condition." *McCathern v. Toyota Motor Corp.,* 23 P.3d 320, 330 n.15 (Or. 2001).

Here, Defendants move for summary judgment on the second and third elements on the basis of two pieces of evidence.[3] To start, they point to testimony from Plaintiffs' expert, Robert

[3] Defendants also point to testimony from Aimee Broadbent that "Inexpensive Tree Care mechanic Ernie Connall told her that he removed the expansion pins before the accident and that he warned Mr. Arriola-Caballero to be careful." Vermeer Mot., EC 106 at 8 (citing Exhibit 16 to Talcott Declaration ("Defendants' Exhibit 16"), ECF 83-16 at 40:4-14). But, Defendants do not contest that Broadbent's statements are inadmissible hearsay that this Court cannot rely on. *See* Reply ISO Vermeer Motion for Summary Judgment ("Reply ISO Vermeer Mot."), ECF 95 at 4–5).

Bullen, who testified that in his shearing testing, "remnants of the pins . . . remained in the assembly" when the expansions pins broke. Vermeer Mot., ECF 106 at 14 (citing Exhibit 25 to Talcott Declaration ("Defendants' Exhibit 25"), ECF 83-25 at 6:6-24). Then, Defendants point to a photograph taken after the accident. Defendants assert that the photograph has no visible signs of the remnants of the pins. Joint Statement of Agreed Facts, ECF 78 ¶ 65.[4] Thus, because that evidence is incompatible with the pins breaking during the accident, Defendants say it favors their explanation that the pins were removed before the accident. For that reason, they argue both that the defect was caused by ITC's conduct and that there was a substantial change to the Mini Skid Steer after it left Vermeer's and RDO's hands.

However, there is another reasonable explanation of the evidence. As Plaintiffs observe, the pins are extremely small "with an outer diameter of 0.125", and a length of 1." Response to Vermeer Mot., ECF 87 at 10 (citing Exhibit 2 to Pickett Declaration ("Plaintiffs' Exhibit 2"), ECF 86-2 at 16). So, while the remnants of the pins are not visible in the photographs taken after the accident, that may be because the remnants are there, but not visible in the photograph. A reasonable jury could conclude either that the remnants of the pins are absent or that the remnants of the pins are there, but not visible. There is a genuine dispute as to the presence of the remnants of the pins, so Defendants are not entitled to summary judgment on this issue.

**B. Plaintiffs have established a triable issue of fact as to causation for most of their claims.**

Causation is a requirement of every claim that Plaintiffs have brought. *McCathern*, 332 Or. at 77 n. 15 (strict liability); *Towe v. Sacagawea, Inc.*, 357 Or. 74, 86 (2015) (detailing the

[4] Defendants also point to testimony from Dr. Hunt that "it is unknown whether the pin fell out, was intentionally removed, or sheared off[.]" Vermeer Mot., ECF 106 at 13 (cleaned up). But, this evidence only points to the uncertainty in the meaning of the photograph, which is an issue that the jury must resolve.

elements of negligence). "Causation may be proved by circumstantial evidence, expert testimony, or common knowledge." *Bordelon v. Airgas USA, LLC*, 603 F. Supp. 3d 946, 962 (D. Or. 2022) (quoting *Two Two v. Fujitec America, Inc.*, 355 Ore. 319, 332 (2014)). Defendants have moved for summary judgment with both a general causation argument and a specific causation argument as to the failure to warn claim. This Court finds only Defendants' latter argument persuasive.

**1. Defendants' general argument for summary judgment on causation is unpersuasive.**

Defendants argue that Plaintiffs cannot establish that "the unreasonably dangerous condition of the product was a substantial factor in contributing to the plaintiff's injuries." Vermeer Mot., ECF 106 at 15. That is so because "Plaintiffs cannot prove that any defect caused Mr. Arriola-Caballero's injury because they cannot establish the mechanism of injury." *Id.* Given that no one witnessed the accident, that Arriola-Caballero does not remember the accident, and that there are no accident reconstruction experts, Plaintiffs cannot establish causation. *Id.*

This Court concludes that there is a genuine dispute as to causation. To start, it is unclear whether Defendants are disputing a) that the Log Grapple struck Arriola-Caballero or b) that a design defect was the cause of the Log Grapple striking Arriola-Caballero. The Joint Statement of Disputed Facts, ECF 111 states:

> The parties dispute whether the Mini Skid Steer's attachment system is defective and that it caused Mr. Arriola-Caballero's injuries. Plaintiffs assert that the attachment system failed as a result of a defect, suddenly and unexpectedly, while plaintiff Arriola-Caballero was operating it, causing the Log Grapple [*sic*] fall back towards the operator's position and strike the top right of plaintiff Arriola-Caballero's head (causing injury to his right parietal lobe), and his right hand, before tumbling forward and resting on the ground, still attached to the Mini Skid Steer by at least one of the hydraulic hoses that are a part of the attachment system. Plaintiffs rely on Dep. of Fielding at 70:20−71:4; Dep. of Arriola-Caballero at 85:12−15; 86:5−10; Dep. of Broadbent at 114:18−21. As outlined in Defendants' Motions for Summary Judgment, Defendants Vermeer

> Manufacturing Company and RDO assert that Plaintiffs have no admissible evidence to support these contentions.

*Id.* ¶ 5.

That last sentence, "Defendants Vermeer Manufacturing Company and RDO assert that Plaintiffs have no admissible evidence to support these contentions," leaves much ambiguity as to the specifics of Defendants' causation argument. Nevertheless, based on the record before this Court, Defendants are not entitled to summary judgment. If Defendants dispute that the Log Grapple struck Arriola-Caballero, abundant circumstantial evidence demonstrates a genuine dispute of material fact as to this issue. *Bordelon*, 603 F. Supp. 3d at 962. Arriola-Caballero was indisputably injured, and the Log Grapple was dislodged and landed right in front of him. Exhibit 1 to Pickett Declaration ("Plaintiffs' Exhibit 1"), ECF 88-1 at 74:16-75:18. Defendants have no other explanation for his injuries. A reasonable jury could find that the Log Grapple struck Arriola-Caballero.

To the extent that Defendants question the exact mechanism by which the design defect caused the Log Grapple to dislodge, they are not entitled to summary judgment. Under Oregon law, causation is demonstrated "merely by showing that the plaintiff was injured because the product did not perform as represented." *McCathern*, 160 Or. App. at 229. Nor is the exact path of the Log Grapple relevant. No Oregon case supports that Plaintiffs must demonstrate at summary judgment the mechanism of causation with such precision. All Plaintiffs must do is introduce admissible evidence that creates a genuine dispute as to whether a design defect caused the injury. For the reasons described above, they have done so here.

**2. Plaintiffs have not established a triable issue of fact as to causation for their failure to warn claim.**

In a products liability action, a failure to warn claim requires the Plaintiff to establish that the "inadequate warning" was "a 'substantial' cause of the person's injuries." *Benjamin v. Wal-*

*Mart Stores*, 185 Or. App. 444, 458 (2002) (cleaned up). Accordingly, the Plaintiff must introduce evidence that additional or different warnings would have prevented the accident. *Crosswhite v. Jumpking, Inc.*, 411 F. Supp. 2d 1228, 1235–36 (D. Or. 2006)

Here, Defendants are entitled to summary judgment because there is no genuine dispute that a failure to warn did not cause the accident. The Skid Steer's Operator's Manual warns about the potential dangers of a dislodged Log Grapple, and Arriola-Caballero testified that he read the Operator's Manual and knew about that warning. Exhibit 1 to Talcott Declaration ("Defendants' Exhibit 1"), ECF 83-1 at VMC000181; Exhibit 7 to Talcott Declaration ("Defendants' Exhibit 7"), ECF 83-7 at 53:25-54:15, 62:15-17, 69:22-70:9, 72:5-9. If Plaintiffs' failure to warn theory relies on the broken or missing expansion pins, then that theory is precluded by Arriola-Caballero's testimony that he checked the attachment mounting system regularly. Joint Statement of Agreed Facts, ECF 78 ¶ 55. He specifically testified that he conducted a daily check that "the pins that made sure they were surely connected to the grapple." Defendants' Exhibit 7, ECF 83-7 at 51:2-11, 51:18-52:4, 54:16-19, 58:5-7. As Defendants put it, "[b]ecause Mr. Arriola-Caballero already performed the task Plaintiffs' expert claims Vermeer should have instructed about[,]" additional warnings would not have prevented an accident, entitling Defendants to summary judgment. Vermeer Mot., ECF 106 at 22.

In response, Plaintiffs shift gears, emphasizing the vagueness of the warning. If the warning was clearer, they argue, Arriola-Caballero would have understood it. Response to Vermeer Mot, ECF 87 at 15. But, that line of argument is precluded by Arriola-Caballero's previously described testimony that he did understand the warning. Accordingly, because Plaintiffs cannot establish that new or different warnings would have prevented the accident, Defendants are entitled to summary judgment on the failure to warn claim.

**C. Plaintiffs have established a triable issue of fact on their negligence claim as to Vermeer, but not RDO.**

To establish negligence under Oregon law, a Plaintiff must prove "that (1) defendant's conduct (2) unreasonably (3) created a foreseeable risk (4) to a protected interest (5) of the kind of harm that befell the plaintiff, and (6) that defendant's conduct in fact caused the harm that plaintiff incurred." *Scott v. Kesselring*, 370 Or. 1, 12 (2022). This Court applies this test to the negligence claim against Vermeer and RDO in turn.

**1. The negligence claim against Vermeer survives summary judgment.**

To preclude the negligence claim, Vermeer argues that a) Plaintiffs cannot establish causation; b) Plaintiffs cannot prove that Vermeer's conduct created a foreseeable and unreasonable risk of harm; and c) there's insufficient evidence of the allegations that Vermeer failed to provide sufficient instruction, warnings, and advice to the Richards. Vermeer Mot., ECF 106 at 23–26. Here, the first and third lines of argument are easily resolved. Vermeer's causation arguments repeat its general causation arguments related to the strict products liability claim, and so the analysis in Part B.1 above applies. As to the allegations regarding the Richards, Plaintiffs did not respond to "Vermeer's arguments," stating vaguely that references to the Richards are a "typographical error and [they] will file an amended complaint as necessary and to conform with the evidence as the parties approach trial." Response to Vermeer Mot., ECF 87 at 17 n.4. That response is insufficient to preserve Plaintiffs' allegations so this Court grants summary judgment to Defendants on the aspects of Plaintiffs' negligence theory that rely on allegations related to the Richards.

That leaves the issue of whether Vermeer's conduct created a foreseeable and unreasonable risk of harm. Oregon law subsumes "the traditional duty-breach analysis . . .in the concept of general foreseeability, 'unless the parties invoke a status, a relationship, or a

particular standard of conduct that creates, defines, or limits the defendant's duty.'" *Chapman v. Mayfield*, 358 Or. 196, 205 (2015) (quoting *Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 17 (1987)). Where a negligence claim relies on general principles of foreseeability, "the plaintiff must plead and prove that the defendant's conduct created a foreseeable and unreasonable risk of legally cognizable harm to the plaintiff and that the conduct in fact caused that kind of harm to the plaintiff." *Id.*

That describes this case, drawing all reasonable inferences in favor of the Plaintiffs. Plaintiffs have introduced expert testimony that it was reasonably foreseeable that the Log Grapple would detach and strike Arriola-Caballero. Plaintiffs' Exhibit 2, ECF 86-2 at 6 ("Vermeer's failure to adequately address the foreseeable hazards associated with the failure of the attachment pin system rendered the machine unreasonably dangerous and directly contributed to the incident which caused Mr. Arriola-Caballero's injuries."). A reasonable jury could conclude that Vermeer's conduct created a "foreseeable and unreasonable risk" of harm. *Chapman*, 358 Or. at 205. Accordingly, aside from the Richards allegations described above, this Court denies the motion for summary judgment as to the negligence claims against Vermeer.

**2. The negligence claim against RDO does not survive summary judgment.**

By contrast, the negligence claim against RDO does not survive summary judgment. Plaintiffs' arguments merely demonstrate why they can bring a products liability claim against RDO. That is not responsive as RDO does not dispute that any valid products liability claim equally applies to it and Vermeer. Rather, RDO emphasizes that negligence claims have unique requirements that do not apply to strict liability claims. Plaintiffs have not shown a genuine dispute of fact as to those requirements as applied to the claim against RDO. Accordingly, RDO is entitled to summary judgment on Plaintiffs' negligence claim.

Plaintiffs offer three theories of negligence against RDO. None survive summary judgment. First, Plaintiffs allege that RDO was negligent in its design of the Skid Steer. Plaintiffs do not supply any evidence that "RDO had any role in or control over designing the Subject Mini Skid Steer or drafting and approving its warning and instruction system." RDO Mot., ECF 107 at 18. On this record, RDO's sole role is "selling Vermeer equipment and providing service and parts for that equipment, nothing further." *Id.* So, any negligent design theory fails against RDO.

Second, Plaintiffs bring negligence allegations based on an alleged failure to warn the property owners. But, RDO had no direct relationship with the Richards. *Id.* at 19. And for the same reasons that these claims are waived against Vermeer, they are also waived against RDO, entitling RDO to summary judgment on these claims.

Third, and finally, Plaintiffs allege that RDO failed to properly test and inspect the skid steer. If they had done so, they would have uncovered the design defects with the skid steer or would have assessed the "foreseeable use [of the Mini Skid Steer] by the tree care industry" and potential risks of such use. *Id.* at 19–20. But, Plaintiffs' own expert, Ruston Hunt, has said that the design defect—missing or sheared off expansion pins—was undetectable. Exhibit 21 to Talcott Declaration ("Defendants' Exhibit 21"), ECF 83-21 at 16, 21. In addition, Plaintiffs have not pointed to other Skid Steer accidents to suggest that RDO was on notice as to an accident risk. RDO Mot., ECF 107 at 20. What's more, RDO inspected the Skid Steer right before it was sold to ITC in August 2013. RDO Mot., ECF 107 at 20. Given this evidence, especially the undisputed evidence that any design defect was undetectable, there is no genuine dispute as to the failure to test claims.

In response, Plaintiffs mostly emphasize that a seller can be held liable under a strict products liability theory. Response to RDO Motion for Summary Judgment, ECF 89 at 16. But,

of course, that argument does not answer the specific question here, which is whether a negligence theory against RDO survives summary judgment. Indeed, the only part of Plaintiffs' Opposition that appears to defend a negligence theory is their statement that "RDO became acutely aware of the paces that ITC was putting the Mini Skid Steer through, and thereby assumed a unique position to warn, inspect, and/or test the subject Mini Skid Steer." Response to RDO Motion for Summary Judgment, ECF 89 at 17. But, as RDO observes, the pieces of the record that Plaintiffs cite do not show that the Skid Steer was a) subject to overuse; b) that RDO was or had reason to be aware of it; or c) that the alleged overuse contributed to the accident. RDO Reply, ECF 97 at 13–14. Accordingly, RDO is entitled to summary judgment on Plaintiffs' negligence claim.

**D. Mendoza-Ruiz's derivative loss of consortium claim survives summary judgment as well.**

Finally, the parties agree that Ma Guadalupe Mendoza-Ruiz's loss of consortium rises and falls with Arriola-Caballero's claims. Vermeer Motion, ECF 106 at 26; RDO Motion, ECF 107 at 22; Plaintiffs' Response to Vermeer Mot., ECF 87 at 17. Because, as explained above, several of Arriola-Caballero's claims survive summary judgment, Mendoza-Ruiz's claim survives to the extent that it is based on Arriola-Caballero's surviving claims.

**CONCLUSION**

For the reasons set forth above, Defendants' Motions for Summary Judgment, ECF 106 and ECF 107, are GRANTED IN PART AND DENIED IN PART. Both Vermeer and RDO are entitled to summary judgment on the failure to warn aspects of Plaintiffs' strict liability and negligence claims. Vermeer is entitled to summary judgment on the aspects of Plaintiffs' negligence theory that rely on allegations related to the Richards. RDO is entitled to summary

judgment on Plaintiffs' negligence claim. All other aspects of all other claims survive summary judgment.

**IT IS SO ORDERED.**

DATED this 16th day of November, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge